**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS CAREY, JR., <br><br>                    Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br><br>                    Defendants. | Case No. 22-cv-1527 (JMC) |

**MEMORANDUM OPINION AND ORDER**

Thomas Carey, Jr., filed this lawsuit to challenge the Department of Justice's (DOJ) and Department of Homeland Security's (DHS) responses to his Freedom of Information Act (FOIA) request. The Government's motion for summary judgment, ECF 22, is **GRANTED in part** and **DENIED in part**.[1]

**I.      BACKGROUND**

Carey is serving a 25-year sentence in federal prison. *See United States v. Carey*, No. 15-cv-6194, 2018 WL 4863590, at \*1 (E.D.N.Y. Sept. 28, 2018) (describing prior proceedings). In early 2021, he submitted two identical FOIA requests, one to DOJ's "FOIA/PA Mail Referral Unit," and the other to DHS's "Privacy Office." ECF 1-1 at 1, 13. Carey requested four categories of records, which generally related either to himself or his deceased uncle. *See id.* at 1–2, 13–14.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

DOJ's "Mail Referral Unit" received Carey's request on February 1, 2021. *See* ECF 22-3 ¶ 7. In an acknowledgment letter dated February 3, 2021, that office informed Carey that "[p]ersons making requests under the Privacy Act . . . on behalf of another person must furnish written authorization from that person for release of the information." ECF 1-1 at 21. The letter also noted that for Carey "to receive records on the deceased," he "must provide either a death certificate(s) or an obituary." *Id*. In giving Carey that direction, DOJ seemingly overlooked that Carey had attached his uncle's obituary to the FOIA request. *See* ECF 1-1 at 16–19. Because DOJ did not receive a response to this letter from Carey, his request "was not referred to any DOJ component." ECF 22-3 ¶ 8.

DHS, for its part, attempted to release 334 responsive pages to Carey electronically, but was initially unsuccessful "due to [Carey's] status as a federal inmate." ECF 22-4 ¶ 21. The agency then "resent" the pages "to a contact at the Federal Bureau of Prisons" who printed the pages for Carey's review. *Id*. ¶ 22. DHS released 111 of the 334 pages in full and withheld certain information from the remaining 223 pages under various FOIA exemptions. *See id.* ¶¶ 25–26.

Before DHS had released the documents, however, Carey filed this lawsuit. *Compare* ECF 1, *with* ECF 22-4 ¶¶ 20–22. Carey alleged that DHS and DOJ had "failed to: (i) determine whether to comply with the requests; or (ii) notify [Carey] of any such determination" within "the time limit" set by 5 U.S.C. § 552(a)(6)(A). ECF 1 ¶¶ 14–16. Claiming that the agencies had "wrongfully withheld the requested records," Carey asked the Court to order them to conduct a search and produce non-exempt records. *Id.* ¶ 17.

## II.   LEGAL STANDARD

A court will grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In FOIA cases, it is the defending agency's burden to prove it has

complied with its obligations under the statute. *Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989). To meet this burden, the "agency must prove that each document that falls within the [request] has been produced, is unidentifiable[,] or is wholly exempt from the Act's inspection requirements." *Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980).

### III.    ANALYSIS

Carey no longer challenges DHS's response to his FOIA request, instead holding it out as a model and asking the Court to order DOJ to respond "as DHS has done." ECF 24 at 2–3.  Because Carey no longer "tak[es] issue with [DHS's] decision to withhold or to redact documents," the Court "reasonably infer[s]" that he has abandoned his claim against DHS and therefore grants summary judgment to DHS. *Nat'l Ass'n of Crim. Def. Laws. v. Fed. Bureau of Prisons*, No. 18-cv-2399, 2025 WL 3240789, at *2 (D.D.C. Nov. 20, 2025). That leaves only Carey's challenge to DOJ's response. The Government seeks to dismiss that claim based on Carey's supposed failure to exhaust administrative remedies prior to filing suit. *See* ECF 22-2 at 5–6.

A FOIA requester is generally required to exhaust his administrative remedies "before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). If, however, "the agency does not adhere to FOIA's explicit timelines, the penalty is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Resp. & Ethics in Wash. v. FEC* (*CREW*), 711 F.3d 180, 189 (D.C. Cir. 2013).

Carey relies on that "penalty" provision, *CREW*, 711 F.3d at 189, to defeat DOJ's exhaustion defense, *see* ECF 1 ¶ 16 (citing 5 U.S.C. § 552(a)(6)(C)). The only response DOJ ever made to Carey's request was its February 3 letter to Carey requesting additional information, so unless that counts as a "determination" for purposes of FOIA's time limit, Carey is right that DOJ

3

cannot "rely on the administrative exhaustion requirement to keep" Carey "from getting into court." 5 U.S.C. § 552(a)(6)(A)(i); *CREW*, 711 F.3d at 189.

The February 3 letter did not trigger Carey's obligation to exhaust administrative remedies because an "agency must do more than merely acknowledge receipt of a FOIA request to satisfy its statutory obligation to respond to each request within twenty working days." *Shteynlyuger v. Ctrs. for Medicare & Medicaid Servs.*, 698 F. Supp. 3d 82, 106 (D.D.C. 2023). "To make a determination and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the determination is adverse." *Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 966 (D.C. Cir. 2019). Even if an agency does not locate potential records, it still "has a duty to notify" the requester "of the right to appeal to the head of the agency" because a requester "dissatisfied with the agency's response that no records have been found, may wish to challenge the adequacy of the agency's search." *Oglesby*, 920 F.2d at 67.

The February 3 acknowledgment letter does not satisfy these requirements and therefore does not qualify as an agency determination. Because this response "was insufficient under the FOIA to trigger the exhaustion requirement" and the agency has not pointed to any other determination that might have "cure[d] its failure to timely respond," the agency is not entitled to summary judgment on the basis of its exhaustion defense. *Oglesby*, 920 F.2d at 67; *Shteynlyuger*, 698 F. Supp. 3d at 107.

\*    \*    \*

The Government's motion for summary judgment, ECF 22, is **GRANTED in part** and **DENIED in part**. The Court enters judgment for the Government on any claims against the Department of Homeland Security. Carey is **ORDERED** to submit a status report by August 7, 2026, indicating whether he wishes to proceed with this lawsuit.

 **SO ORDERED**.

            _____
            JIA M. COBB
            United States District Judge

Date: July 16, 2026